# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHARLES C. WALKER,**

        **Petitioner,**

v.                                    Case No:   6:13-cv-1894-Orl-36GJK

**LONNY A. MEAD and ALL PERSONS
AND ENTITIES THAT DID NOT FILE
A CLAIM OR ANSWER,**

        **Respondents.**

___

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT AND ANSWER AND CLAIM TO COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY (Doc. No. 15)
>
> **FILED:**      January 8, 2014
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

In this admiralty case brought under the Limitation of Liability Act, 46 U.S.C. § 30505 (the "Act"), petitioner Charles C. Walker (the "Petitioner") filed a verified complaint for exoneration from or limitation of liability (the "Complaint") from injuries or losses sustained as a result of an accident that occurred on Petitioner's 21 foot fishing vessel on June 17, 2011, in the Atlantic Ocean. Doc. No. 1. On January 8, 2014, Lonny A. Mead (the "Claimant") appeared and filed a Motion to Dismiss and/or Motion for Summary Judgment and Answer and Claim to

Complaint for Exoneration From or Limitation of Liability (the "Motion").  Doc. No. 15.  In the Motion, Claimant includes a motion to dismiss and/or motion for summary judgment, an answer and affirmative defenses, and a claim for damages based on negligence against Petitioner, all in a single document.  Doc. No. 15.  The Motion has been referred to the undersigned.  Doc. No. 37.  For the reasons set forth below, it is recommended that the Motion be **DENIED**.

I. BACKGROUND.

The Act permits the owner of a vessel to limit his or her liability for injuries, loss or damages to the value of the vessel and its freight, provided that the accident occurred without the owner's "privity or knowledge."  46 U.S.C. § §30505(a)-(b); *see also M/V Sunshine, II v. Whitaker*, 808 F.2d 762, 763 (11th Cir. 1987); *Suzuki of Orange Park, Inc. v. Shubert*, 86 F.3d 1060, 1062 (11th Cir. 1996).  Petitioner seeks to avail himself of Act's protections from liability.  Doc. No. 1.  In the Complaint, which was filed on December 10, 2013, Petitioner's allegations are as follows.  Petitioner is the sole owner of the vessel, which he properly maintains in a seaworthy manner.  Doc. No. 1 at ¶¶ 5, 7-8.  On June 17, 2011, Petitioner, Claimant, and Matt Watts were onboard the vessel in the Atlantic Ocean engaging in recreation fishing trip.  *Id*. at ¶¶ 9-11.  As they were preparing to return to port, a fishing line became ensnared in the outboard motor's propeller.  *Id*. at 11.  Petitioner shut down the vessel's engine, trimmed it out of the water, and intended to remove the fouled line.  *Id*.  Claimant volunteered to remove the line from the propeller and, knowing Claimant to be an "experienced tournament fisherman with significant prior boating experience," Petitioner did not interfere with Claimant attempting to uncoil the line from the engine.  *Id*. at ¶ 12.  While Claimant was attempting to remove the fishing line, Petitioner began stowing gear in preparation to return to port.  *Id*. at ¶ 13.  Due to "windblown chop," Claimant lost his footing and fell off the boat, sustaining injuries.  *Id*. at ¶ 14-15.

Petitioner and Mr. Watts performed first aid, called 911, and delivered Claimant to emergency medical personnel near the beach. *Id*. at ¶ 16. Petitioner alleges that there was nothing he or Mr. Watts could have done to prevent the accident from occurring, it was not caused or contributed to by any act or omission by Petitioner, he was not negligent, and all injuries sustained by Claimant were incurred without Petitioner's privity or knowledge. *Id*. at ¶¶ 15, 18-21. Petitioner further alleges that shortly after the accident, Claimant admitted that Claimant caused his own injuries by trying to remove the fouled line in an unsafe manner and that Petitioner did nothing to cause or contribute to Claimant's accident. *Id*. at ¶ 17.

## II.     THE MOTION AND RESPONSE.

On January 8, 2014, less than one month after the Complaint was filed, Claimant filed the Motion, which includes Claimant's answer and affirmative defenses, as well as his claim for damages against Petitioner. Doc. No. 15. In the answer, Claimant denies all of the above allegations, except that Petitioner performed first aid and delivered Claimant to emergency medical personnel. Doc. No. 15 at 5-6. In his affirmative defenses, Claimant alleges: Petitioner operated the vessel in a negligent manner in connection with the accident; Petitioner had privity and knowledge of Petitioner's negligence; the vessel was in an unseaworthy condition on the day of the accident with Petitioner's knowledge; the limitation fund is inadequate; and that the Act violates Claimant's rights under the Fifth and Fourteenth Amendments to the United States Constitution. Doc. No. 15 at 6-7. In his claim, Claimant alleges that he has sustained injuries due to Petitioner's negligence and the vessel being in an unseaworthy condition. Doc. No. 15 at 8-9.

In the Motion, Claimant requests that the Court enter an order dismissing the Complaint or, alternatively, enter summary judgment in favor of Claimant. Doc. No. 15 at 3-4.[1] Claimant argues that he is entitled to dismissal or summary judgment because the "undisputed facts . . . show that the negligence in this matter, if any, is directly attributed to the Petitioner." Doc. No. 15 at 3. Claimant maintains that Petitioner cannot avail himself of the Act because Petitioner is clearly negligent. Doc. No. 15 at 3-4 (citing *Suzuki*, 86 F.3d at 1063; *Fecht v. Makowski*, 406 F.2d 721, 722-23 (5th Cir. 1969);[2] *In Re Ingoglia*, 723 F. Supp. 2d 512 (C.D. Cal. 1989)).

On January 15, 2014, Petitioner filed a response in opposition (the "Response"). Doc. No. 22. In the Response, Petitioner argues that the Motion should be denied because: (1) any motion to dismiss under Rule 12, Federal Rules of Civil Procedure, has been waived; (2) summary judgment is inappropriate; and (3) if the Court considers the merits of the Motion, it should be denied. Doc. No. 22 at 2-9.

### III. ANALYSIS.

The undersigned agrees with Petitioner and finds that the Motion should be denied for three principal reasons. First, the Motion was filed simultaneously, in a single document, with Claimant's answer, affirmative defenses, and claim for damages. Doc. No. 15. District Courts in the Eleventh Circuit routinely deny motions to dismiss as moot which are filed simultaneously with or after an answer is filed. *See The Bullard Building Condominium Association, Inc. v. Travelers Property Casualty Company of America*, No. 8:06-cv-1194-T-27MSS, 2006 WL 2787850, *1 (M.D. Fla. Sept. 26, 2006); *Breckenridge Pharmaceutical, Inc. v. Metabolite*

---

[1] The Motion is two (2) pages in length and does not specifically cite to Rule 12, Federal Rules of Civil Procedure, but it does cite to Rule 56, Federal Rules of Civil Procedure. Doc. No. 15 at 3-4.

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Laboratories, Inc.*, 2007 WL 201261, at *5 (S.D. Fla. Jan. 24, 2007); *Smith v. Bank of America, N.A.*, No. 2:11-cv-676-FtM-29DNF, 2014 WL 897032, at *9 (M.D. Fla. Mar. 6, 2014).  This is so because "a motion to dismiss is improper once a responsive pleading has been filed."  *Smith*, 2014 WL 897032, at *9 (citing *Skritch v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002)).  *See also* Fed.R.Civ.P. 12(b) (a motion to dismiss under Rule 12(b) "must be made before pleading."). Accordingly, to the extent the Motion seeks dismissal under Rule 12(b), it is recommended that the Court deny the Motion as having been waived.

Second, to the extent the Motion requests summary judgment under Rule 56, Federal Rules of Civil Procedure, it should be denied as premature.  In *Duldulao v. Sunshine Restaurant Merger Sub, LLC*, No. 8:11-cv-1412-T-33MAP, 2011 WL 6055954, at *2 (M.D. Fla. Dec. 6, 2011), the Court succinctly described the law as it applies to this case:

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, "show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  As stated in *Blumel v. Mylander*, 919 F. Supp. 423, 428 (M.D. Fla. 1996), Rule 56 "implies [that] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." Furthermore, the Eleventh Circuit has determined that "summary judgment may only be decided upon an adequate record." *Snook v. Trust Co. of Ga. Bank*, 859 F.2d 865, 870 (11th Cir. 1988).
>
> The Eleventh Circuit expounded:
>
>> [S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for

> summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

*Id*. at 870 (internal citations omitted).

*Duldulao*, 2011 WL 6055954, at *2. Thus, if the non-movant, the Petitioner here, has not had an adequate opportunity to engage in discovery or if the record is not otherwise adequate, summary judgment is inappropriate. *Id*. The Complaint was filed on December 10, 2013, and the Motion was filed on January 8, 2014. Doc. Nos. 1, 15. Discovery did not open until on or about February 6, 2014, a month after the Motion was filed, and discovery does not close until August 8, 2014. Doc. Nos. 29-30. Based on the posture of this case, summary judgment is clearly premature.[3] Accordingly, to the extent the Motion requests summary judgment, it is recommended that the Court deny the Motion as premature.

Third, the Motion should be denied because genuine issues of material fact exist as to what acts of negligence, if any, caused Claimant's injuries and whether Petitioner had privity or knowledge of the those same acts of negligence or conditions of unseaworthiness. See *M/V Sunshine, II*, 808 F.2d at 764-65 (describing two-step analysis to determine whether vessel's owner is entitled to limit his liability under the Act). Here, the alleged acts of negligence or conditions of unseaworthiness that may have caused the accident are disputed. *See* Doc. No. 1 at ¶¶ 7-8, 15, 17-21 (alleging Petitioner did not cause the accident, the vessel was seaworthy and Claimant admitted that his own acts or omissions led to Claimant's injuries); 15 at 5-6, 8 (Claimant's answer denying those allegations and claim asserting Petitioner's negligence and vessel's unseaworthiness

---

[3] Moreover, Claimant provides no affidavits or other evidence in support of his Motion, which fails to comply with Rule 56(c), Federal Rules of Civil Procedure.

led to Claimant's injuries). Similarly, there are issues of fact regarding whether Petitioner had knowledge or privity of those disputed acts of negligence or conditions of unseaworthiness. *Id*. Due to these genuine issues of material fact, summary judgment is not appropriate.[4]

## IV. CONCLUSION.

Based on the forgoing, it is **RECOMMENDED** that the Motion (Doc. No. 15) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 30, 2014.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[4] Claimant relies on *Fecht v. Makowski*, 406 F.2d 721, 722-23 (5th Cir. 1969), in support of the Motion. Doc. No. 15 at 3-4. In *Fecht*, 406 F.2d at 721-22, the owner of the vessel was operating it when it struck a submerged object, killing a passenger and injuring another. The former Fifth Circuit held that "when an owner is in control of and operating his pleasure craft he has privity of knowledge with respect to the operation, therefore he is not entitled to limitation for accidents arising from his negligence." *Id*. at 721; *see supra* n.2. Based on the facts presented in *Fecht*, the Court determined that the only individual who could possibly have caused the injuries was the owner and, therefore the owner could never establish that he did not have privity or knowledge of the acts of negligence that caused the injuries. *Id*. at 722-23. Here, at this stage in the proceeding, the facts are not so clear. Accordingly, the undersigned finds *Fecht* distinguishable.